IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ALEX STRICKLAND | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| VS. | * | CASE NO. 4:06-CV-31 (CDL) |
| | * | 42 U.S.C. § 1983 |
| W.W. ADAMSON, G.W. BOONE, | * | |
| JOE CANTRANE, BOB | * | |
| POYDASHEFF, | * | |
| | * | |
| Defendants. | * | |

**REPORT AND RECOMMENDATION**

Before the court is Defendants' Motion to Dismiss. Plaintiff was notified of his right to respond to Defendant's Motion and his Response was filed on August 17, 2006.

**LEGAL STANDARDS FOR MOTION TO DISMISS**

For a motion to dismiss to be granted, plaintiff's complaint, which must factually be accepted as true, must evidence that there is no set of facts entitling him to relief. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991); *see also Luckey v. Harris*, 860 F.2d 1012, 1016-17 (11th Cir. 1988) and *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). In such a situation, Rule 12(b)(6) of the *Federal Rules of Civil Procedure* authorizes a court to dismiss a complaint on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989). If, as a matter of law, it is clear that no relief could be granted under any facts

that could be proved consistent with the allegations, a claim must be dismissed, regardless of whether it is based on an outlandish legal theory or on a close but unavailing one. *Id*. Rule 12(b)(6) does not allow for dismissals based solely on the court's disbelief of a plaintiff's factual allegations. *Id*. *See also Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed.2d 59 (1984) and *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 101-02, 2 L. Ed.2d 80 (1957).

## DISCUSSION

Plaintiff contends that on February 9, 2006, he was on a work detail at the Muscogee County Prison where he was assigned to cut down trees. (Complaint, p. 4). Plaintiff states that while cutting the trees, the chain saw "kicked back" and injured his leg. *Id.* He was taken to a local where he received stitches. *Id.* Plaintiff asserts that he was injured because he was not provided with the proper safety gear, and he seeks compensatory and punitive damages therefrom. Plaintiff filed an informal grievance on February 12, 2006, but states that he never received a formal grievance and has spoken to a "Counselor King" but received no response. *Id.* at 2.

### Exhaustion Requirement

In their Motion to Dismiss, the Defendants contend that Plaintiff failed to timely exhaust his available administrative remedies where he failed to file a formal grievance. (Defendants' Brief, p. 5). By *The Prison Litigation and Reform Act,* Congress has provided that, "No action shall be brought with respect to prison conditions under section 1983 of this

title, or any other Federal law, by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The United States Supreme Court has consistently held that where Congress explicitly mandates, a plaintiff must exhaust the administrative remedies available to him before he is authorized to file a lawsuit in federal court. *McCarty v. Madigan,* 503 U.S. 140, 144 112 S.Ct. 1081, 1086 (1992).  The Eleventh Circuit Court of Appeals, following the Supreme Court rulings and the PLRA, has held that "since exhaustion is now a precondition to suit, the courts cannot simply waive those requirements..." *Alexander v. Hawk,* 159 F.3d 1321, 1326-27 (11th Cir. 1998).

In support of their Motion to Dismiss, the Defendants cite a recent United States Supreme Court decision, which held that an inmate must *properly* exhaust all available administrative remedies before he can file a 1983 lawsuit in federal court. *Woodford v. Ngo*, 126 S.Ct. 2378 (U.S. 2006)(emphasis added).  In *Woodford,*, the Respondent, an inmate at a California state prison, filed a grievance regarding prison conditions, which was rejected as untimely.  *Woodford*, at 2380.  The Respondent thereafter filed suit pursuant to § 1983 against the prison officials.  The District Court held that because Respondent had failed to timely exhaust all of his available remedies, the case should be dismissed. *Id.*  The Ninth Circuit Court of Appeals reversed the lower court's decision, finding that the Respondent had no further administrative remedy available to him after his grievance was rejected as untimely. *Id.*  The high court ultimately reversed the Ninth Circuit, finding that, just as in habeas corpus cases, the remedies available to the inmate must be **fully and properly** exhausted. *Id.*

3

A review of the Georgia Department of Corrections Standard Operating Procedure (hereinafter, SOP) on Inmate Grievances, which regulates the grievance process in all Georgia prisons, reveals that an inmate must exhaust an "Informal Complaint Procedure" before proceeding to a "Formal Grievance Procedure." (Defendants' Exh. A). The SOP states that an inmate has ten calendar days from the date he knew or should have known of the facts surrounding the grievance to file an informal grievance. *Id.* After a decision is rendered regarding the informal grievance, the inmate may procure a formal grievance form from a prison counselor. *Id.* There further exists an appeal process for inmates who are not satisfied with the outcome of the formal grievance. *Id.* For an inmate to fully exhaust his administrative remedies, therefore, he must complete all three steps of the grievance procedure.

Here, Plaintiff avers that the injuries he sustained from the chain saw occurred on February 9, 2006. (Complaint, p. 4). He further asserts that he filed an informal grievance on February 22, 2006. In his grievance, Plaintiff requested to be taken off outside work detail and put on light duty "in Dorm E as a house man." (Defendants' Exh. B). A review of the informal grievance shows that in the space entitled "Counselor's Response/Resolution", the counselor wrote that "Inmate stated that the issue has been resolved." *Id.* Directly following that written entry, the form requires that the inmate sign and date the document, acknowledging that he agreed with the aforementioned resolution. *Id.* Plaintiff signature and the date he signed the form appear on the document. *Id.*

Following the signature line, the informal grievance form asks that if the matter was not resolved, was a Formal Grievance requested. *Id.* The space marked "No" was checked, and the form was then signed and dated by the counselor. *Id.*

In his Response to the Defendants' Motion to Dismiss, Plaintiff contends that he did, in fact, exhaust the grievance process at the Muscogee County Prison and claims the Defendants failed to adhere to the process "by not responding or providing reasonable resolution to the Plaintiff's complaint." (Response, p. 6). That statement, however, is belied not only by the administration's response to what was obviously an untimely informal grievance, but more importantly by Plaintiff's signature on the informal grievance which confirmed that he felt the problem was resolved and chose not to request a Formal Grievance form.

It is clear that Plaintiff failed to properly comply with the grievance procedure by fully exhausting the process, i.e. timely requesting and filing a formal grievance and appealing the decision therefrom. Pursuant to the foregoing authority, therefore, Plaintiff's complaint should be dismissed for his failure to exhaust his available administrative remedies.

Defendants also contend that Plaintiff's complaint should be dismissed where the injury complained of is no more than *de minimis* and further argue that they are entitled to qualified immunity with regard to the Plaintiff's claims. Those contentions, however, need not be addressed as the court is not required to review the merits of the Plaintiff's claims.

Therefore, the Defendants' remaining assertions should be deemed moot.

Accordingly, it is hereby RECOMMENDED, that Plaintiff's case be dismissed pursuant to the foregoing authority.  Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO ORDERED this 8th day of September, 2006.

                                                          S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

sWe